IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAYNE WHITE, as Administrator of the ESTATE OF BRADLEY C. SCARPI, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:16-CV-00560 |
| v. | ) ) | |
| ST. CLAIR COUNTY SHERIFF RICHARD WATSON, *et al.*, | ) ) ) ) | The Hon. J. Phil Gilbert Magistrate Judge Donald Wilkerson |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR REFERENCE TO THE SPECIFIC DETAILS OF BRADLEY SCARPI'S CRIMINAL HISTORY**

Plaintiff Dwayne White, by his undersigned attorneys, respectfully moves this Court for entry of an order *in limine* barring the Defendants from making reference during the trial of this case to specific details of Bradley Scarpi's criminal history. In support, Plaintiff states:

1.  Bradley Scarpi's criminal history—which spans from 1996 until 2014—includes a number of arrests as well as misdemeanor and felony convictions. The crimes Mr. Scarpi were convicted of include trespassing, battery, domestic battery, damage to property, traffic related offenses, resisting or obstructing a peace officer, disorderly conduct, and petty theft. His most recent arrest was for home invasion and armed robbery.

2.  Plaintiff was questioned about Mr. Scarpi's criminal history at his deposition. Plaintiff believes that Defendants may seek to introduce evidence or reference at trial Plaintiff's criminal history in an effort to devalue Mr. Scarpi's life and persuade the jury that he was a bad person.

3.  The details of Mr. Scarpi's criminal history have no relevance to any issue that will be tried in this case. Those details certainly have no bearing on the Defendants' obligation

to protect Mr. Scarpi from harm while in their custody. Importantly, the jury need not know what crime Mr. Scarpi was charged with that resulted in him being detained in St. Clair County Jail to determine whether or not the Defendants violated his constitutional rights. The Defendants should therefore be barred from introducing the details of Mr. Scarpi's criminal history because those details are irrelevant and inadmissible pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

4.      Federal Rule of Evidence 404 prohibits character evidence, including evidence of prior bad acts, in order to show conformity with that character. Defendants should not be able to use Mr. Scarpi's criminal history as a proxy for bad character. Additionally, Mr. Scarpi's prior convictions cannot come in for impeachment purposes under Federal Rule of Evidence 609. Mr. Scarpi is deceased and will not be a witness at the trial. *See Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1088 (N.D. Ill. 2007) (in a wrongful death case, finding that evidence of the decedent's "prior arrests, criminal involvement, and convictions should be barred" because "this evidence is not admissible under Federal Rule of Evidence ("FRE") 609, which allows evidence of conviction of a crime for impeachment purposes. Not only is Smith deceased and unable to testify at trial, but Defendants do not show that his prior arrests and convictions meet the requirements of FRE 609(a), that the probative value of the conviction outweighs the prejudicial effect, or that the crime was punishable by imprisonment in excess of one year or involved an act of dishonesty").

5.      Further, it is well-established that prior arrests that do not result in convictions are inadmissible. *See, e.g.*, *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013) ("The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."); *Mowrey v. City of Fort Wayne*, No. 1:12-CV-121,

2013 WL 6512664, at *2 (N.D. Ind. Dec. 12, 2013) ("Prior arrests that did not lead to a conviction are usually inadmissible under Rule 403's balancing test and Rule 404(b)'s bar against character evidence."); *Gregory v. Oliver*, No. 00 C 5984, 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003) ("Arrests that have not led to convictions are classic candidates for exclusion under [FRE] 404(b)").

      6.      Moreover, evidence of the specifics of Mr. Scarpi's criminal history would be highly and unfairly prejudicial. Introduction of this evidence could only serve to inflame the jury against Mr. Scarpi. There is a risk that the jury could conclude that Mr. Scarpi was a dangerous or bad person and hold that supposed fact against him in determining whether the Defendants violated his constitutional rights. *See Dyson v. Szarzynski*, No. 13 CV 3248, 2014 WL 7205591, at *6 (N.D. Ill. Dec. 18, 2014) ("However, the risk of unfair prejudice to Dyson is considerable if prior arrest evidence is admitted without the door being opened first. For these reasons, Dyson's motion No. 5 is granted with respect to prior arrests."); *Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *3 (July 22, 2005) ("[a] jury that learned of plaintiff's armed robbery conviction well might view him as a 'bad person' not because he is a liar . . . but instead because he committed a dangerous offense that jurors might find threatening . . . We conclude that this risk of unfair prejudice substantially outweighs the probative value of the armed robbery conviction"); *Earl v. Denny's, Inc.*, No. 01 C 5182, 2002 WL 31819021, at *3 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts his veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent."). Evidence of Mr. Scarpi's criminal history should therefore be barred under Rule 403 of the Federal Rules of Evidence.

7. Plaintiff anticipates that Defendants might argue that Mr. Scarpi's criminal history is relevant for the jury's consideration of damages.  However, while the jury is permitted to consider a number of factors when determining how to value Mr. Scarpi's life, including his physical and mental characteristics, his habits of industry, sobriety, and thrift, and his occupational abilities, criminal history is not a factor enumerated in the Illinois Pattern Jury Instructions.  *See* Ill. Pattern Jury Instr.-Civ. 31.06; *see also Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *4 (N.D. Ill. Sept. 19, 2017) (rejecting defendants' argument that they could introduce evidence of the decedent's criminal history as part of their presentation to the jury regarding damages and finding that evidence of the decedent's criminal conviction would be highly prejudicial); *Thomas*, 514 F. Supp. 2d at 1088 (barring evidence of the decedent's criminal history in wrongful death case and limiting Defendants to simply raising the fact of the decedent's 7 day incarceration in the Jail for the sole purpose of establishing the decedent's alleged knowledge of the rules and regulations at the jail and the grievance process).

8. In *Cobige v. City of Chicago*, 651 F.3d 780, 784-85 (7th Cir. 2011), the Seventh Circuit found that the decedent's "police record, time in prison, and drug addiction" would be relevant to "how much loss the [decedent's] estate and son suffered by her death."  The court held that because the decedent's "character and life prospects were put in question by her son's testimony," just as the son "was entitled to paint a favorable view of his mother's ability to give safe advice and emotional support . . . Chicago was entitled to introduce evidence suggesting that [the decedent] was not likely to assist others or to have enjoyed life to the extent that her son narrated." *Id.*

9. Thus, while the fact that Mr. Scarpi had a criminal history may be relevant for the jury in determining "damages recoverable by [his estate] for loss of companionship [and] the

4

damages for [his] loss of enjoyment of life," *id.* at 784, the specific details of his criminal history (including the exact charges he was arrested and/or convicted for) are not necessary for the jury to hear.

10. Plaintiff recognizes that the jury will be permitted to hear evidence regarding the number of times and for how long Mr. Scarpi was detained in the Jail. Plaintiff requests that the Court bar reference to the specific details of his charges due to their prejudicial nature.

WHEREFORE, Plaintiff Dwayne White respectfully requests that this Court enter an order *in limine* barring the Defendants from making reference during the trial of this case to specific details of Bradley Scarpi's criminal history.

Respectfully submitted,

**DWAYNE WHITE**

By: /s/ Vanessa del Valle
One of his attorneys

Locke E. Bowman
Sheila A. Bedi
David M. Shapiro
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-1271

LaToya M. Berry
Law Offices of LaToya M. Berry
901 West Main
Belleville, Illinois 62220
(618) 567-4837

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on November 15, 2018.

/s/ Vanessa del Valle