## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE WHITE, as Administrator of the ESTATE OF BRADLEY C. SCARPI, )<br><br>Plaintiff, )<br><br>v. )<br><br>ST. CLAIR COUNTY SHERIFF RICHARD WATSON, *et al.*, )<br><br>Defendants. ) | Case No. 3:16-CV-00560<br><br>The Hon. J. Phil Gilbert<br>Magistrate Judge Donald Wilkerson |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF RONNIE GULLY'S LITIGATION AND SETTLEMENTS AGAINST ST. CLAIR COUNTY**

Plaintiff Dwayne White, by his undersigned attorneys, respectfully moves this Court for entry of an order barring the Defendants from making any reference to witness Ronnie Gully's litigation against the St. Clair County Jail for conditions of confinement there, including any questioning regarding his settlements. In support, Plaintiff states:

1. Ronnie Gully was a detainee at the St. Clair County Jail in May 2014. On May 23, 2014 he was housed in E-Max just a few cells away from Bradley Scarpi. Mr. Gully previously testified in his May 2, 2017 deposition that he heard Mr. Scarpi express suicidal ideation to both himself and to Defendant Lanzante. Five days after Mr. Scarpi's suicide, Mr. Gully filed a complaint form addressed to Major McLaurin describing Defendant Lanzante's words and actions immediately prior to Mr. Scarpi's suicide.

2. During his May 2, 2017 deposition, counsel for the Defendants questioned Mr. Gully about litigation he filed alleging unconstitutional conditions at the St. Clair County Jail. In response, Mr. Gully responded that he settled two lawsuits with the County for approximately $7,350. Plaintiff anticipates that the Defendants may seek to introduce evidence of Mr. Gully's

litigation against St. Clair County and may seek to question him regarding his settlements with the County. This line of questioning should not be allowed.

3. Evidence related to Mr. Gully's other cases are wholly irrelevant to the issues before the jury here. The cases Mr. Gully settled with the County concern general conditions of confinement and uses of force at the Jail—not suicide precautions or Quiet Room Policy violations.

4. The Defendants presumably want to introduce the other cases Mr. Gully has settled in order to suggest to the jury that Mr. Gully is litigious or that he is prone to baseless claims. If the Defendants were allowed to place that idea before the jury, the door would be opened to Plaintiff to show that Mr. Gully's other cases were actually meritorious. Mr. Gully's allegations in the other cases included that Jail officials failed to protect Mr. Gully from attacks by other detainees; physically abused Mr. Gully and threatened him with further abuse; housed Mr. Gully in unsanitary conditions that include exposures to feces, insect infestation, and lack of hot water; held Mr. Gully in prolonged segregation; and deprived Mr. Gully of recreation, phone calls, visits, commissary, and legal mail as retaliation for Mr. Gully's lawsuits against the county. *See Gully v Trice* (15-cv-00159) (S.D. Ill.); *Gully v Watson, et al*. (15-cv-00276) (S.D. Ill.); *Gully v Trice, et al*. (15-cv-00475) (S.D. Ill.).

5. The end result would be a "trial within a trial" on facts immaterial to the case at hand. *See Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996) (recognizing the need to prevent a "trial within a trial"); *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990) ("Exclusion of evidence under Rule 403 is . . . important to avoid significant litigation on issues that are collateral to those required to be tried."). This evidence should therefore be excluded under Rules 401 and 402 of the Federal Rules of Evidence

6. Moreover, there is a danger of unfair prejudice, misleading the jury, and confusion of the issues if evidence of Mr. Gully's other cases and settlements were to be allowed. There is a substantial risk that, if the jury were to learn of Mr. Gully's other cases and settlements, it could conclude that he is litigious and improperly disregard his testimony based on that assessment. *See Nelson v. City of Chicago*, 810 F.3d 1061, 1071 (7th Cir. 2016) ("a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant" (citation omitted)). Therefore, evidence of Mr. Gully's other cases and settlements should also be excluded under Rule 403 of the Federal Rules of Evidence.

WHEREFORE, Plaintiff Dwayne White respectfully requests that this Court enter an order *in limine* barring the Defendants from making any reference to witness Ronnie Gully's litigation against the St. Clair County Jail for conditions of confinement there, including any questioning regarding his settlements.

Respectfully submitted,

**DWAYNE WHITE**

By: /s/ Vanessa del Valle
    One of his attorneys

Locke E. Bowman
Sheila A. Bedi
David M. Shapiro
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-1271

LaToya M. Berry
Law Offices of LaToya M. Berry
901 West Main

Belleville, Illinois 62220
(618) 567-4837

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on November 15, 2018.

                                                /s/ Vanessa del Valle