IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAYNE WHITE, as Administrator of the ESTATE OF BRADLEY C. SCARPI, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:16-cv-560-JPG-DGW |
| v. | ) ) ) | The Hon. J. Phil Gilbert |
| ST. CLAIR COUNTY SHERIFF RICHARD WATSON, *et al.*, | ) ) ) | Magistrate Judge Donald Wilkerson |
| Defendants. | ) | |

## **FINAL PRETRIAL ORDER**

This matter having come before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**PLAINTIFF'S COUNSEL:**

Locke E. Bowman
Sheila A. Bedi
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-1271

LaToya M. Berry
Law Offices of LaToya M. Berry
901 West Main
Belleville, Illinois 62220
(618) 567-4837

**DEFENDANTS' COUNSEL:**

Thomas R. Ysursa
Katherine A. Melzer
Becker, Hoerner, Thompson & Ysursa, P.C.
5111 West Main Street
Belleville, Illinois 62226
(618) 235-0020

**I.     NATURE OF THE CASE**

This is an action brought pursuant to 42 U.S.C. § 1983 and Illinois state law to redress the alleged deprivation under color of law of the decedent Bradley Scarpi's rights as secured by the Fourteenth Amendment to the United States Constitution. Plaintiff alleges Defendant Christopher Lanzante violated Bradley Scarpi's constitutional rights by failing to protect him from committing suicide in his cell at the St. Clair County Jail. Plaintiff additionally alleges Bradley Scarpi's suicide was caused by the St. Clair County Sheriff's Department's practice of disregarding the Quiet Room Policy. Plaintiff further alleges the Sheriff's Department failed to accommodate Bradley Scarpi's alleged disability in violation of the Americans with Disabilities Act. Plaintiff also alleges the Defendants caused injury to Bradley Scarpi's next of kin, his two children, in violation of the Illinois Wrongful Death Act.

**II.    JURISDICTION**

   A.   This is an action for damages.

   B.   The jurisdiction of the Court is not disputed. This Court has federal subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

**III.   UNCONTROVERTED FACTS**

The following facts are not disputed or have been agreed to or stipulated to by the Parties:

1.  Bradley Scarpi was 33 years old at the time of his death. He had two sons: 17-year-old Dylan Bradley Delisle-Scarpi and 12-year-old Bradley Scarpi Jr.

2.  Plaintiff, Dwayne White, Mr. Scarpi's brother, is the Administrator of Mr. Scarpi's Estate.

3. Mr. Scarpi was booked into the St. Clair County Jail on April 10, 2014.

4. After being booked into the Jail, Mr. Scarpi was housed in Annex-B Block ("AB" Block).

5. At around 4:00 PM on May 23, 2014, Mr. Scarpi told Officer Mark Harris that he was having issues with two other detainees in AB Block and needed to be moved. Officer Mark Harris escorted Mr. Scarpi to Sergeant Brian Cunningham's office.

6. Mr. Scarpi told Sergeant Cunningham that two detainees in AB Block were threatening him. Sergeant Cunningham instructed Officer Harris to move Mr. Scarpi to Lower Level B Block.

7. Officer Harris and Officer Rodney Wilson began escorting Mr. Scarpi to Lower Level B block. While *en route*, Mr. Scarpi told Officer Harris and Officer Wilson that he could not move down to Lower Level B Block, because the detainees who were threatening him had friends in Lower Level B.

8. Officer Wilson relayed this information to Sergeant Cunningham via radio at around 4:30 PM, and Sergeant Cunningham decided to house Mr. Scarpi in a single cell in E Max.

9. Officers Harris and Wilson escorted Mr. Scarpi to E Max.

10. Officer Jon Knyff was responsible for E Max during the shift when Mr. Scarpi was rehoused, and he had the keys to open the Max doors. Officer Knyff opened the door to Cell 5 in E Max, so that Officers Harris and Wilson could place Mr. Scarpi in the cell.

11. E Max has eight segregation cells in a row. There were six other detainees housed in E Max on the day Mr. Scarpi committed suicide. According to the records, Ronnie Gully was housed in Cell 1; Randy McCallum was housed in Cell 2; David Brown was housed in Cell 3; David Garcia was housed in Cell 4; Mr. Scarpi was housed in Cell 5; Cell 6 was empty; Vincent Walker was

housed in Cell 7; and Dominic Hood was housed in Cell 8.

12. After Mr. Scarpi was housed in E Max, Officer Knyff performed three cell checks in E Max before his shift ended.

13. Officer Christopher Lanzante was responsible for performing cell checks in E Max during the evening shift on May 23, 2014. Officer Lanzante performed eight cell checks while Mr. Scarpi was in E Max.

14. At around 9:35 PM, during a medicine pass with Nurse Erin Philow, Officer Lanzante found Mr. Scarpi hanging by a bedsheet tied around his neck.

15. Mr. Scarpi was transported to the hospital, where he died less than an hour later.

16. The Jail has a written policy entitled "Quiet Room/Suicide Watch Policy and Procedure." The purpose of the policy is "to provide guidelines for the housing units referred to as quiet rooms. Quiet Rooms are used as part of the plan to prevent suicidal or homicidal attempts. This policy will provide guidelines for detainees who are classified by jail staff, law enforcement officers, or mental health professionals to be suicidal or homicidal in their behavior. This policy will also provide a frame work for a suicide watch and/or monitoring while such detainees are in the St. Clair County Jail." The policy is designated as Plaintiff's Exhibit 17.

17. The Jail has a written policy entitled "Cell Checks Policy and Procedure." The purpose of this policy is "to provide guidelines for the corrections division to check on the status of detainees on a regular basis while complying with the Illinois County Jail Standards." The policy is designated as Plaintiffs Exhibit 16.

**IV. AGREED TO ISSUES OF LAW**

The parties agree that the following are the issues to be decided by the Court:
Whether Defendant Lanzante failed to protect Mr. Scarpi from the risk of suicide, in violation of

Mr. Scarpi's Fourteenth Amendment rights under the United States Constitution. Related to this issue, the Court must also determine the appropriate legal standard governing this claim.

    a. The Plaintiff's position is grounded in the Seventh Circuit's recent ruling in *Miranda v. County of Lake*, 900 F.3d 335, 354 (7th Cir 2018), where the court found that, in the context of Fourteenth Amendment claims arising from pre-trial detention, the fact finder must determine whether the Defendants' challenged actions were "objectively reasonable."

    b. The Defendants dispute the application of *Miranda* to this case and submit that the standard requires a determination of whether Defendant Lanzante was deliberately indifferent.

2. Whether, under a *Monell* theory of liability, there was a widespread practice at the St. Clair County Jail to disregard the Quiet Room policy and whether the practice violated Mr. Scarpi's Fourteenth Amendment rights under the United States Constitution.

3. Whether Bradley Scarpi was a qualified individual with a disability under the Americans with Disabilities Act ("ADA") and whether, by failing to house Mr. Scarpi in a suicide-proof cell, the Defendants failed to accommodate his disability in violation of Mr. Scarpi's rights under the ADA.

4. Whether the Defendants are liable for the wrongful death of Bradley Scarpi, in violation of the law of the State of Illinois.

## V. WITNESSES

    A. Witnesses that Plaintiff expects to call:
        1. Expert witnesses
            a. Dr. Keith Curry
            b. Phil Stanley
        2. Non-expert witnesses:
            a. Dwayne White
            b. Cindy Files
            c. Brian White

- d. Mark Harris
- e. Rodney Wilson
- f. Christopher Lanzante
- g. Jon Knyff
- h. Phillip McLaurin
- i. Richard Watson
- j. Thomas Trice
- k. Brian Cunningham
- l. Patrick Fulton
- m. Daniel Nail
- n. Ronnie Gully
- o. Randy McCallum
- p. Dominic Hood
- q. David Garcia
- r. Ramone Parker
- s. Gabriel Boyd
- t. Steven Strubberg
- u. Michael Ripperda
- v. Custodian of Records of St. Clair County Sheriff's Office
- w. Custodian of Records of HSHS St. Elizabeth's Hospital
- x. Dr. Muddasani Reddy

B. Witnesses that Defendants expect to call:

1. Expert witnesses

    a. Dr. Michael Jarvis, (Defendants recognize that the Court previously determined that Dr. Jarvis' testimony is no longer relevant. See Doc. 122, pp. 13. Defendants only list Dr. Jarvis in the event that the "door is open" to allow his testimony.)

    b. Tracey Reed

2. Non-expert witnesses

    a. Mark Harris
    b. Rodney Wilson
    c. Brian Cunningham

    d.  Jon Knyff

    e.  Christopher Lanzante

    f.  Richard Watson

  C. Rebuttal witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI. EXHIBITS

The Parties' Pretrial Exhibit List is attached to this order.

## VII. DAMAGES

Plaintiff seeks compensatory and punitive damages against the Defendants stemming from the harm Bradley Scarpi's next of kin suffered as a result of his death by suicide at the Jail. This includes the loss of support, services, and other financial benefits Mr. Scarpi's children would have received from him; the loss of relationship and society between Mr. Scarpi and his children; and the grief, sorrow, and mental suffering of Mr. Scarpi's children.

## VIII. BIFURCATED TRIAL

The Parties do not desire a bifurcated trial.

## IX. TRIAL BRIEFS

Trial briefs will be filed with the Court at the Final Pretrial Conference.

## X. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

  A. **Trial Date:** Trial of this cause is set for the week of December 3, 2018.

  B. **Length of Trial:** The probable length of trial is 5 days. The case will be listed on the trial calendar to be tried when reached. This is a jury trial.

  C. **Number of Jurors:** There should be a minimum of 6 jurors. Plaintiff requests 7 jurors.

D.  **Jury Voir Dire:** The Court will conduct voir dire. Limited participation by counsel may be permitted.  ~~Plaintiff's proposed voir dire questions are attached as Exhibit 2 to this Order. Defendants' proposed voir questions will be provided to the court and Plaintiff at the Final Pretrial Conference.~~

E.  **Jury Instructions:** ~~Plaintiff's proposed jury instructions are attached as Exhibit 3 to this order. Defendants' proposed jury instructions will be provided to the court and Plaintiff at the Final Pretrial Conference.~~  All jury instructions shall be submitted as directed by the Court and a copy delivered to opposing counsel.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

**IT IS SO ORDERED.**

**DATED:  November 20, 2018**

<u>s/ J. Phil Gilbert</u>
**United States District Judge**
