IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE WHITE, as Administrator of the Estate of Bradley C. Scarpi,

    Plaintiff,

    v.

ST. CLAIR COUNTY SHERIFF RICHARD WATSON, *et al.*,

    Defendants.

Case No. 16-cv-560-JPG-DGW

### **ORDER**

    This matter comes before the Court following the jury verdict rendered December 6, 2018. Based on the parties' agreement during trial as to the legal consequences of such a jury verdict, the Court **DIRECTS** the Clerk of Court to enter judgment consistent with the following.

    The parties agreed that, to avoid confusion for the jury, defendant St. Clair County Sheriff Richard Watson, in his official capacity, would be referred to as the "St. Clair County Sheriff's Department." They further agreed that any verdict rendered as to the "St. Clair County Sheriff's Department" was, in fact, a verdict as to St. Clair County Sheriff Richard Watson, in his official capacity. Accordingly, judgment will be entered regarding St. Clair County Sheriff Richard Watson, in his official capacity, based on the verdict regarding the "St. Clair County Sheriff's Department."

    The parties agreed that a verdict on Count IV[1], a claim under the Illinois Wrongful Death Act against defendant Christopher Lanzante, would be dispositive of Count V, a claim under the

---

[1] Count IV was referred to as the "Third Claim" in the jury instructions and verdict form following the Court's decision during the trial to enter judgment as a matter of law on the original Count III, a claim under the Americans With Disabilities Act.

Illinois Wrongful Death Act against St. Clair County Sheriff Richard Watson, in his official capacity, under a *respondeat superior* theory based on the conduct of Lanzante.  Accordingly, judgment will be entered on Count V in favor of the plaintiff for $150,000, the amount of compensatory damages awarded to the plaintiff in Count IV.  The liability for Counts IV and V shall be joint and several.

The parties agreed that defendant St. Clair County would be obligated for indemnification for any compensatory damage award rendered against Lanzante or St. Clair County Sheriff Richard Watson, in his official capacity.  Accordingly, the Court will declare the right to such indemnification from St. Clair County.

**IT IS SO ORDERED.**
**DATED:   December 7, 2018.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**