The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

However, if a party to this case has failed to produce a witness within his power to produce, you may infer that the testimony of the witness would be adverse to that party if you believe each of the following elements:

1.    The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.

2.    The witness was not equally available to an adverse party.

3.    A reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him.

4.    No reasonable excuse for the failure has been shown.

**ABSENCE OF EVIDENCE**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.18; Ill. Pattern Jury Instr.-Civ. 5.01*
**DEFENDANT'S INSTRUCTION NO. 2**

GIVEN: _____
REFUSED: ___✓___
WITHDRAWN: _____
OBJECTION: _____

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Bradley Scarpi's death.

**PROXIMATE CAUSE**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.30; Ill. Pattern Jury Instr.-Civ. 15.01, modified*
**DEFENDANT'S INSTRUCTION NO. 3**

GIVEN: _____
REFUSED: ___✓___
WITHDRAWN: _____
OBJECTION: _____

The Plaintiff, Dwayne White, brings this action in a representative capacity as the Administrator of the Estate of Bradley Scarpi, deceased. He represents Dylan Deslisle-Scarpi and Bradley Scarpi Jr., the next of kin of the deceased, Bradley Scarpi, and the Estate of Bradley Scarpi. Dylan Deslisle-Scarpi and Bradley Scarpi Jr. are the real parties in interest in this lawsuit, and in that sense, they are the real plaintiffs whose damages you are to determine if you decide for the Administrator of the Estate of Bradley Scarpi.

**LAWSUIT BROUGHT BY PERSONAL REPRESENTATIVE**
*Illinois Pattern Jury Instructions - Civil 31.09*
**DEFENDANTS' INSTRUCTION NO. 5**

GIVEN: _____
REFUSED: _____
WITHDRAWN: ___✓___
OBJECTION: _____

The Plaintiff's complaint consists of four claims. I will list them generally here and then provide more detail on each claim later.

Plaintiff's First Claim is that there was a strong likelihood Bradley Scarpi would commit suicide, Christopher Lanzante was aware of the strong likelihood, and Lanzante failed to take reasonable measures to prevent Bradley Scarpi from committing suicide.

Plaintiff's Second Claim is that Bradley Scarpi's suicide was caused by the practice of the St. Clair County Sheriff's Department to disregard its Quiet Room/Suicide Watch policy.

Plaintiff's Third Claim is that the St. Clair County Sheriff's Department violated Bradley Scarpi's rights under the Americans with Disabilities Act ("ADA") when Lanzante failed to accommodate Bradley Scarpi's suicide-inducing mental disability.

Plaintiff's Fourth Claim is that Christopher Lanzante showed an actual or deliberate intention to cause the wrongful death of Bradley Scarpi, in violation of the law of the State of Illinois.

The Defendants deny they did any of the things claimed by the Plaintiff. The Defendants deny that any claimed act or failure to act on their part was a proximate cause of Bradley Scarpi's death.

**ISSUES MADE BY THE PLEADINGS**
*Ill. Pattern Jury Instr.-Civ. 20.01.01, modified*
**DEFENDANT'S INSTRUCTION NO. 6**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____

Each party is entitled to have the case decided solely on the evidence that applies to that party. In the First Claim, Christopher Lanzante is being sued as an individual. The St. Clair County Sheriff's Department is not being sued in the First Claim. In the First Claim, Plaintiff must prove by a preponderance of the evidence that Lanzante was personally involved in the conduct that Plaintiff complains about. Therefore, you must consider the evidence of whether Christopher Lanzante failed to protect Bradley Scarpi from suicide only as against Lanzante. You may not hold Christopher Lanzante liable for what others at the St. Clair County Sheriff's Department did or did not do.

**FIRST CLAIM: FAILURE TO PROTECT FROM SUICIDE**
**GENERAL: POLICE DEPARTMENT NOT A PARTY; EVIDENCE LIMITED TO**
**CERTAIN PARTIES; REQUIREMENT OF PERSONAL INVOLVEMENT**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.10; 7.01; 7.02, modified*
**DEFENDANT'S INSTRUCTION NO. 7**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____ ✓
OBJECTION: _____

The Constitution requires jail officials to protect detainees from committing suicide under certain circumstances. To succeed on the First Claim, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1.      There was a strong likelihood that Bradley Scarpi would commit suicide in the near future. A mere possibility of serious harm is not a strong likelihood.

2.      Christopher Lanzante was aware of this strong likelihood that Bradley Scarpi would commit suicide in the near future.

3.      Christopher Lanzante consciously failed to take reasonable measures to prevent Bradley Scarpi from committing suicide.

4.      Bradley Scarpi would have survived if Christopher Lanzante had not disregarded the known risk that Bradley Scarpi would commit suicide in the near future.

If you find that Plaintiff has proved all of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**FIRST CLAIM: FAILURE TO PROTECT FROM SUICIDE**
*7th Circuit, Pattern Civil Jury Instructions, Section 7.19, modified*
**DEFENDANT'S INSTRUCTION NO. 8**

GIVEN: _____
REFUSED: ___✓___
WITHDRAWN: _____
OBJECTION: _____

The Constitution requires jail officials to protect detainees from committing suicide under certain circumstances. To succeed on the First Claim, Plaintiff must prove each of the following five things by a preponderance of the evidence:

1.     There was a strong likelihood that Bradley Scarpi would commit suicide in the near future. A mere possibility of serious harm is not a strong likelihood.

2.     Christopher Lanzante was aware of this strong likelihood that Bradley Scarpi would commit suicide in the near future.

3.     Christopher Lanzante failed to take reasonable measures to prevent Bradley Scarpi from committing suicide.

4.     Christopher Lanzante acted purposefully, knowingly, or with reckless disregard for the consequences when he failed to take reasonable measures to prevent Bradley Scarpi from committing suicide.

5.     Bradley Scarpi would have survived if Christopher Lanzante had not disregarded this risk.

If you find that Plaintiff has proved all of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**FIRST CLAIM: FAILURE TO PROTECT FROM SUICIDE**
(ALTERNATE BASED UPON *MIRANDA v. COUNTY OF LAKE*)

*7th Circuit Pattern Instructions 7.19, modified*; *Miranda v. County of Lake*, 900 F.3d 335, 354 (7th Cir. 2018).

**DEFENDANTS' INSTRUCTION NO. 8 (alternate)**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find that Plaintiff has proved a constitutional violation by a preponderance of the evidence, you must consider whether the St. Clair County Sheriff's Department is liable to Plaintiff. On the Second Claim, the St. Clair County Sheriff's Department is not responsible simply because it employed Christopher Lanzante.

To succeed on the Second Claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1.      Christopher Lanzante failed to protect Bradley Scarpi from committing suicide.

2.      At that time, the St. Clair County Sheriff's Department had a practice of disregarding the St. Clair County Jail's Quiet Room/Suicide Watch Policy. The term practice means:

i.      A pattern of disregarding the St. Clair County Sheriff's Department's Quiet Room/Suicide Watch Policy that is persistent and widespread, so that it is St. Clair County Sheriff's Department's standard operating procedure. A persistent and widespread pattern may be a practice even if the Sheriff's Department has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the practice and allowed it to continue.

3.      The practice described in Paragraph 2 caused Bradley Scarpi not to be housed in a suicide proof cell.

If you find that the Plaintiff has proved all of these things by a preponderance of the evidence, then you must decide for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the St. Clair County Sheriff's Department and you will not consider the question of damages.

**SECOND CLAIM: UNCONSTITUTIONAL PRACTICE**
**LIABILITY OF ST. CLAIR COUNTY SHERIFF'S DEPARTMENT**
*7th Circuit, Pattern Civil Jury Instructions, Section 7.24, modified*
**DEFENDANT'S INSTRUCTION NO. 9**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____

Plaintiff's Third Claim is brought under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for St. Clair County Sheriff's Department to discriminate against a person with a disability by failing to reasonably accommodate that person's disability, if the St. Clair County Sheriff's Department was aware of the person's disability.

In the Third Claim, Plaintiff claims Christopher Lanzante discriminated against Bradley Scarpi by not accommodating his suicide-inducing mental disability because of Bradley Scarpi's suicide-inducing mental disability. Defendant denies it discriminated against Bradley Scarpi and says Bradley Scarpi did not have a qualifying suicide-inducing mental disability, Defendant was not aware of Bradley Scarpi's alleged suicide-inducing mental disability, and Defendant did not fail to accommodate Bradley Scarpi's alleged suicide-inducing mental disability.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

**THIRD CLAIM: AMERICAN'S WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**
**NATURE OF ADA CLAIM AND DEFENSE**
*7th Circuit, Pattern Civil Jury Instructions, Section 4.01 Modified; See Doc. 113*
**DEFENDANT'S INSTRUCTION NO. 10**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____ ✓
OBJECTION: _____

In the Third Claim, you must consider the evidence of whether the St. Clair County Sheriff's Department failed to reasonably accommodate Bradley Scarpi's suicide-inducing mental disability only against the St. Clair County Sheriff's Department. In the Third Claim you must not consider the evidence presented as to any other claims.

**THIRD CLAIM: AMERICAN'S WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**
**EVIDENCE LIMITED TO CERTAIN PARTIES**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.10, modified*
**DEFENDANT'S INSTRUCTION NO. 11**

GIVEN: _____

REFUSED: _____

WITHDRAWN: ___✓___

OBJECTION: _____

In the Third Claim, Plaintiff claims that the St. Clair County Sheriff's Department unlawfully refused to give Bradley Scarpi a "reasonable accommodation." To succeed, Plaintiff must prove three things by a preponderance of the evidence:

1.      Bradley Scarpi had a suicide-inducing mental disability. I will define "disability" and several other important terms for you in a few minutes;

2.      Bradley Scarpi was regarded as having a suicide-inducing mental disability because Bradley Scarpi informed Christopher Lanzante of his suicide-inducing mental disability, or his suicide-inducing mental disability was obvious;

3.      Christopher Lanzante failed to provide Bradley Scarpi a reasonable accommodation by failing to house Bradley Scarpi in a suicide-proof cell;

If you find that Plaintiff has proved all of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages.

If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendant, the St. Clair County Sheriff's Department.

**THIRD CLAIM: AMERICAN'S WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**
**ELEMENTS OF PLAINTIFF'S CLAIM – REASONABLE ACCOMMODATION CASES**
*7th Circuit, Pattern Civil Jury Instructions, Section 4.03 modified; Doc. 113*
**DEFENDANT'S INSTRUCTION NO. 12**

GIVEN: _____
REFUSED: _____
WITHDRAWN: ___✓___
OBJECTION: _____

Under the ADA, the term "disability" means a mental impairment that "substantially limited" Bradley Scarpi's ability to perform one or more major life activities. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you and not to use your own opinion as to what these terms mean.

*(a) Definition of Substantially Limiting*

Under the ADA, an impairment "substantially limits" a person's ability to perform one or more major life activities if it prevents or severely restricts him from continuing to perform one or more major life activities, compared to the average person in the general population.

To decide if Bradley Scarpi's alleged mental impairment substantially limited Bradley Scarpi's ability to perform one or more major life activities, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but only appear from time to time. For example, if a person has a mental or physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

*(b) Definition of Major Life Activities*

Under the ADA, "major life activities" includes caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, as well as major bodily functions.

*(c) Definition of "Regarded As"*

Under the ADA, a person is "regarded as" having a disability if the Defendant believes that the person has a mental impairment that substantially limits his ability to perform one or more major life activities.

**THIRD CLAIM: AMERICAN'S WITH DISABILITIES ACT FAILURE TO ACCOMMODATE**
**DEFINITION OF "DISABILITY"**
*7th Circuit, Pattern Civil Jury Instructions, Section 4.04 Modified*
**DEFENDANT'S INSTRUCTION NO. 13**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____

Under the ADA, Bradley Scarpi, was "qualified" if he had suicide-inducing mental disability that impaired his ability to perform one or more major life activities.

**THIRD CLAIM: AMERICAN'S WITH DISABILITIES ACT FAILURE TO ACCOMMODATE**
**DEFINITION OF "QUALIFIED"**
*7th Circuit, Pattern Civil Jury Instructions, Section 4.05 Modified*
**DEFENDANT'S INSTRUCTION NO. 14**

GIVEN: _____
REFUSED: _____
WITHDRAWN: ___✓___
OBJECTION: _____

Each party is entitled to have the case decided solely on the evidence that applies to that party. In the Fourth Claim, Plaintiff must prove by a preponderance of the evidence that Christopher Lanzante acted willfully and wantonly in proximately causing the wrongful death of Bradley Scarpi. You may not hold Christopher Lanzante liable for what others at the St. Clair County Sheriff's Department did or did not do.

**FOURTH CLAIM: ILLINOIS WRONGFUL DEATH ACT**
**EVIDENCE LIMITED TO CERTAIN PARTIES**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.10, modified*
**DEFENDANT'S INSTRUCTION NO. 15**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____ ✓
OBJECTION: _____

The Third Claim is directed against Christopher Lanzante. The issues to be decided by you under the Third Claim are:

1. The plaintiff claims that Bradley Scarpi was injured and sustained damage and that the conduct of Christopher Lanzante was willful and wanton in one or more of the following respects:

a. Christopher Lanzante was aware of the strong likelihood that Bradley Scarpi would commit suicide in the near future;

b. Christopher Lanzante acted with an actual or deliberate intention to cause harm or showed an utter indifference to or conscious disregard for the safety of Bradley Scarpi.

2. The Plaintiff further claims that the foregoing was a proximate cause of the suicide of Bradley Scarpi.

Christopher Lanzante denies he did any of the things claimed by the Plaintiff. Christopher Lanzante denies that any claimed act or omission on his part was a proximate cause of Bradley Scarpi's death.

**FOURTH CLAIM: ILLINOIS WRONGFUL DEATH ACT**
**ISSUES INSTRUCTION**
*Ill. Pattern Jury Instr. Civ. 20.01.01, modified*
**DEFENDANT'S INSTRUCTION NO. 16 mod**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____ ✓
OBJECTION: _____

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the suicide death of Bradley Scarpi.

**FOURTH CLAIM: ILLINOIS WRONGFUL DEATH ACT**
**PROXIMATE CAUSE**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.30; Ill. Pattern Jury Instr.-Civ. 15.01, modified*
**DEFENDANT'S INSTRUCTION NO. 17**

GIVEN: _____
REFUSED: _____
WITHDRAWN: ___w/1___
OBJECTION: _____

If you find in favor of Plaintiff on Plaintiff's First or Second Claim, then you must determine the amount of money that will fairly compensate Plaintiff for the injury you found Plaintiff sustained as a direct result of the failure to protect Bradley Scarpi from committing suicide or for the unconstitutional practice of disregarding the Quiet Room policy, or for the failure to reasonably accommodate Bradley Scarpi's suicide-inducing mental disability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a.      The pain and suffering that Bradley Scarpi felt prior to his death;

b.      Bradley Scarpi's loss of capacity to carry on and enjoy his life's activities in a way that he would have done had he lived;

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

**FIRST & SECOND CLAIMS: FAILURE TO PROTECT FROM SELF-HARM, UNCONSTITUTIONAL PRACTICE, DAMAGES: COMPENSATORY**
*7th Circuit, Pattern Civil Jury Instructions, Section 7.26 Modified; Bass by Lewis v. Wallenstein, 769 F.2d 1173, 1187-89 (7th Cir. 1983); Graham v. Sauk Prairie Police Comm'n, 915 F.2d 1085, 1105-06 (7th Cir. 1990); Sherrod v. Berry, 827 F.2d 195, 205-07 (7th Cir. 1987), rev'd on other grounds on reh'g en banc, 856 F.2d 802 (7th Cir. 1988)*
**DEFENDANT'S INSTRUCTION NO. 18 mod**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____ ✓
OBJECTION: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE WHITE, as Administrator of the )
ESTATE OF BRADLEY C. SCARPI, )
                                     )
            Plaintiff, )          Case No. 3:16-CV-00560
                                     )
        v. )
                                       )
ST. CLAIR COUNTY SHERIFF RICHARD )
WATSON, *et al.*, )
                                     )
           Defendants. )

## VERDICT FORM

We, the jury, find with respect to the claims of Plaintiff as follows:
(Place an "X" on the appropriate line for each Defendant and each count.)

## CLAIM ONE: FAILURE TO PROTECT

                                    For Plaintiff          For Defendant

As to:
CHRISTOPHER LANZANTE      _____      _____

## CLAIM TWO: UNCONSTITUTIONAL POLICY OR PRACTICE

                                      For Plaintiff          For Defendant

As to:
ST. CLAIR COUNTY
SHERIFF'S DEPARTMENT      _____      _____

## CLAIM THREE: WRONGFUL DEATH

                                    For Plaintiff          For Defendant

As to:
CHRISTOPHER LANZANTE      _____      _____

## **DAMAGES**

(a)    Plaintiff is awarded $_____ in compensatory damages.
(If you found against Plaintiff on all his claims, fill in the number "0".)


(b)    Do you award Plaintiff punitive damages, and if so, in what amount?
(Either (1) place an "X" on the YES line and fill in the amount or (2) place an "X" on the NO line.)

<u>As to:</u>                          YES          AMOUNT          NO

CHRISTOPHER LANZANTE          _____      $_____      _____



_____
         Presiding Juror

_____          _____


_____          _____


_____          _____

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**NO INFERENCE FROM JUDGE'S QUESTIONS**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.02*
**JOINT INSTRUCTION NO. 1**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the court security officer, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**COMMUNICATION WITH COURT**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.33*
**JOINT INSTRUCTION NO. 9**

GIVEN: _____
REFUSED: ___✔___
WITHDRAWN: _____
OBJECTION: _____

Under the ADA, to "accommodate" a disability is to make some change that will allow a person with a disability to continue to perform one or more major life activities.  An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

.

**DEFINITION OF "REASONABLE ACCOMMODATION"**
*7th Circuit, Pattern Civil Jury Instructions, Sections 4.06 (modified)*
**JOINT INSTRUCTION NO. 11**

GIVEN: _____
REFUSED: _____
WITHDRAWN: ___✓___
OBJECTION: _____

You must not award compensatory damages more than once for the same injury.  For example, if the Plaintiff prevails on more than one claim and you establish a dollar amount for injuries, you must not award any additional compensatory damages on each claim.  The Plaintiff is only entitled to be made whole once, and may not recover more than was lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiff fully for all injuries.

**COMPENSATORY DAMAGES CONTINUED**
*Given by Judge Ruben Castillo, Thomas v. Cook County, No. 04-3563 (N.D. Ill.), Dkt. 466, pp. 39, 12/07*

**JOINT INSTRUCTION NO. 15**

GIVEN:          _____
REFUSED:       _____
WITHDRAWN: _____
OBJECTION: _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Members of the St. Clair County Sheriff's Department testified in this case.  At the time of the occurrence in this case some were and some may still be employees of the St. Clair County Sheriff's Department.

You should not give any greater or lesser weight to the testimony of a witness solely because of his or her occupation as a law enforcement officer.  A law enforcement officer who takes the witness stand subjects his or her testimony to the same examination that any other witness does, and in the case of law enforcement officers you should neither believe them nor disbelieve them merely because they are law enforcement officers.

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**
*7th Circuit, Pattern Civil Jury Instructions, Section 1.13 (modified)*; *Schwartz Pratt, Section 1983 Jury Instructions Nos. 2.03.7 and 2.03.8 (modified)*; *Roberts v. Hollocher*, 664 F.2d 800 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981).
**PLAINTIFF'S INSTRUCTION NO. 1**

GIVEN: _____
REFUSED: __✓__
WITHDRAWN: _____
OBJECTION: _____

Plaintiff claims that the Defendants engaged in one or more of the following acts:

*First*, that Defendant Christopher Lanzante failed to protect Bradley Scarpi from the risk of suicide in violation of the Fourteenth Amendment to the United States Constitution;

*Second*, that Bradley Scarpi's suicide was caused by the practice of the St. Clair County Sheriff's Department to disregard its written policy regarding suicide prevention;

*Third*, that the St. Clair County Sheriff's Department violated Bradley Scarpi's rights under the Americans with Disabilities Act ("ADA") when they failed to accommodate his disability; and

*Fourth*, that Defendant Christopher Lanzante is liable for the wrongful death of Bradley Scarpi in violation of the law of the State of Illinois.

The Defendants deny all of these claims.

**ISSUES INSTRUCTION**
**PLAINTIFF'S INSTRUCTION NO. 4**

GIVEN: _____
REFUSED: _____
WITHDRAWN: __✓__
OBJECTION: _____

Plaintiff's first claim is brought only against Defendant Christopher Lanzante.  The Constitution requires jail officials to protect detainees from harming themselves under certain circumstances.  To succeed on this federal claim, the Plaintiff must prove each of the following things by a preponderance of the evidence:

1. There was a strong likelihood that Bradley Scarpi would seriously harm himself by committing suicide in the near future.

2. Defendant Christopher Lanzante acted purposefully, knowingly, or recklessly in failing to take reasonable measures to prevent Bradley Scarpi from committing suicide, even though a reasonable officer in the circumstances would have appreciated the strong likelihood that Bradley Scarpi would commit suicide—making the consequences of the Defendant's conduct obvious.

3. Bradley Scarpi would have survived if Defendant Christopher Lanzante had taken such reasonable measures.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence as to Defendant Lanzante, then you must decide for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to Defendant Lanzante, then you must decide for Defendant Lanzante, and you will not consider the question of damages.

**FIRST CLAIM: FAILURE TO PROTECT FROM SELF HARM**
*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018), *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016); *7th Circuit, Pattern Civil Jury Instructions, Section 7.19*
**PLAINTIFF'S INSTRUCTION NO. 5**
GIVEN: _____          WITHDRAWN: _____
REFUSED: _____          OBJECTION: _____

If you find that Plaintiff has proved a constitutional violation by a preponderance of the evidence, you must consider whether the St. Clair County Sheriff's Department is also liable to Plaintiff. The St. Clair County Sheriff's Department is not responsible simply because it employed Defendant Christopher Lanzante.

To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Officer Christopher Lanzante failed to protect Bradley Scarpi from committing suicide.

2. At the time, the St. Clair County Sheriff's Department had a practice of disregarding its own Quiet Room policy. The term practice means:

   - A pattern of officers disregarding the Quiet Room policy that is persistent and widespread, so that it is the St. Clair County Sheriff's Department's standard operating procedure. A persistent and widespread pattern may be a practice even if the St. Clair County Sheriff's Department has not formally approved it, so long as the Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue or the policy-making official must have known about a subordinate's actions/failures to act by virtue of the policy-making official's position.

3. The practice as described in paragraph 2 caused Bradley Scarpi's suicide.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant St. Clair County Sheriff's Department, and you will not consider the question of damages.

**SECOND CLAIM: UNCONSTITUTIONAL PRACTICE OF THE ST. CLAIR COUNTY SHERIFF'S DEPARTMENT**
*7th Circuit, Pattern Civil Jury Instructions, Section 7.24 (modified)*
**PLAINTIFF'S INSTRUCTION NO. 6**

GIVEN: _____
REFUSED: _____
WITHDRAWN: __✓____
OBJECTION: _____

This claim is brought under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for jail officials to discriminate against a detainee with a disability. In this case, the Plaintiff claims that the Defendants discriminated against Bradley Scarpi by not accommodating his disability.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

To succeed on this claim, the Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Bradley Scarpi had a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Defendant Christopher Lanzante was aware of Bradley Scarpi's disability; and

3. Defendant Lanzante failed to provide Bradley Scarpi with a reasonable accommodation.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of the Plaintiff's damages. If you find that the Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for the Defendant Sheriff Watson in his official capacity.

**THIRD CLAIM: FAILURE TO ACCOMMODATE BRADLEY SCARPI'S DISABILITY**
*7th Circuit, Pattern Civil Jury Instructions, Sections 4.01 and 4.03 (modified); Brumfield v. City of Chicago,* 735 F.3d 619, 631 (7th Cir. 2013).
**PLAINTIFF'S INSTRUCTION NO. 8**

GIVEN: _____

REFUSED: _____

WITHDRAWN: __✓__

OBJECTION: _____

Under the ADA, the term "disability" includes a mental impairment that "substantially limits" Bradley Scarpi's ability to perform one or more major life activities.  I will now define some of these terms in more detail.  Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

a) The term "mental impairment" means any condition that prevents the mind from functioning normally.

b) Substantially limiting: Under the ADA, an impairment "substantially limits" a person's ability to perform one or more major life activities if it prevents or severely restricts him from continuing to perform one or more major life activities, compared to the average person in the general population.

To decide if Bradley Scarpi's impairment substantially limited his ability to perform one or more major life activities, you should consider the nature and severity of the impairment, how long it was expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities.  Even so, some disabilities are permanent, but only appear from time to time.  For example, if a person has a mental disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

c) Major Life Activities: Under the ADA, "major life activities" includes caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, as well as major bodily functions.

**DEFINITION OF "DISABILITY"**
*7th Circuit, Pattern Civil Jury Instructions, Sections 4.04 (modified)*
**PLAINTIFF'S INSTRUCTION NO. 9**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**PROXIMATE CAUSE DEFINITION**
*Illinois Pattern Jury Instructions – Civil 15.01*
**PLAINTIFF'S INSTRUCTION NO. 11**

GIVEN: _____

REFUSED: _____

WITHDRAWN: __✓__

OBJECTION: _____

If you find in favor of the Plaintiff on Plaintiff's First or Second Claim, then you must determine the amount of money that will fairly compensate Bradley Scarpi's estate for any injury that you find Mr. Scarpi and his children sustained and is reasonably certain to sustain in the future as a direct result of the Defendants' wrongful conduct. These are called "compensatory damages."

Plaintiff must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering that Bradley Scarpi experienced prior to his death.

2. Bradley Scarpi's loss of the capacity to carry on and enjoy his life's activities in a way he would have done had he lived.

3. The wages that Bradley Scarpi has lost.

4. The loss of support and other financial benefits Bradley Scarpi's children would have received from him.

5. The loss of services that Bradley Scarpi would have provided to his children.

6. The loss of the relationship between Bradley Scarpi and his children.

7. The grief, sorrow, and mental suffering of Bradley Scarpi's children.

No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of life has been or needs to be introduced. There is no exact standard for setting the damages to

be awarded on account of these factors.  You are to determine an amount that will fairly

compensate Bradley Scarpi's estate for the injuries he sustained and for his loss of life.

Compensatory damages are not allowed to be a punishment or penalty for the individual

Defendant.  You should award compensatory damages only for those injuries that Bradley Scarpi

and his children actually suffered.

**COMPENSATORY DAMAGES FOR FIRST OR SECOND CLAIMS**
*7th Circuit, Pattern Civil Jury Instructions, Section 7.26 (modified); Illinois Pattern Jury
Instructions - Civil 31.06, 31.10, 31.11 (modified)*
**PLAINTIFF'S INSTRUCTION NO. 12 mod**

GIVEN: _____
REFUSED: _____
WITHDRAWN: ___✓___
OBJECTION: _____

The law requires a different calculation of damages as to the Plaintiff's state law Wrongful Death claim.  If you find for the Plaintiff on Plaintiff's First or Second Claim, you should calculate damages as I have just described.  However, if you find for the Plaintiff *only* on the Third Claim for Wrongful Death and not on any of the other claims, you should calculate damages as follows.  You must determine the amount of money which will reasonably and fairly compensate the children of the decedent Bradley Scarpi for the pecuniary loss proved by the evidence to have resulted to the children from the death of Bradley Scarpi.

"Pecuniary loss" may include loss of money, benefits, goods, services, and society.

Where a decedent leaves children, the law recognizes a presumption that the children have sustained some substantial pecuniary loss by reason of the death.  The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What money, benefits, goods, and services Bradley Scarpi customarily contributed in the past;

2. What money, benefits, goods, and services Bradley Scarpi was likely to have contributed in the future;

3. Bradley Scarpi's personal expenses and other deductions;

4. His age;

5. His sex;

6. His health;

7. His physical and mental characteristics;

8. His habits of industry, sobriety, and thrift;

9.  His occupational abilities;

10. The grief, sorrow, and mental suffering of his children;

11. The relationship between Bradley Scarpi and his children.

    When I use the term "society," I mean the mutual benefits that each family member

receives from the other's continued existence, including love, affection, care, attention,

companionship, comfort, guidance, and protection.

**COMPENSATORY DAMAGES FOR WRONGFUL DEATH CLAIM**
*Illinois Pattern Jury Instructions - Civil 31.06, 31.11*
**PLAINTIFF'S INSTRUCTION NO. 13 mod**

GIVEN:          _____

REFUSED:        _____

WITHDRAWN:  ✓_____

OBJECTION:  _____