IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAYNE WHITE, as Administrator of the ESTATE OF BRADLEY C. SCARPI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:16-CV-560-JPG-DGW |
| ST. CLAIR COUNTY SHERIFF RICHARD WATSON, ST. CLAIR COUNTY, OFFICER MARK J. HARRIS, OFFICER RODNEY WILSON, OFFICER CHRISTOPHER LANZANTE, OFFICER JON KNYFF, | ) ) ) ) ) ) | Hon. J. Phillip Gilbert Hon. Donald G. Wilkerson |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR COSTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 54(d) AND 68

COMES NOW, Defendants, Sheriff Richard Watson, St. Clair County, and Officer Christopher Lanzante, by and through the undersigned counsel and for their Motion for Costs Pursuant to Federal Rules of Civil Procedure 54(d) and 68, state as follows:

1. Judgment was entered after a four-day jury trial in this matter on December 7, 2018. See Doc. 182.

2. In the Judgment, Plaintiff was awarded compensatory damages of $150,000.00 for the §1983 failure to protect claim, $150,000.00 for the state law wrongful death claim, and $1,000 in punitive damages. All claims were against Defendant Officer Christopher Lanzante.

3.     Prior to trial, on November 9, 2018, Defendants issued an Offer of Judgment pursuant to Fed.R.Civ.P. 68 in the amount of $850,000.00, inclusive of all attorneys' fees and costs accrued, for all of Plaintiff's claims for relief.

4.     The law is clear – when a plaintiff receives an award that is less than the amount of the offer of judgment, Rule 68's fee shifting provision grants defendant the right to recover their post-offer costs. See *Marek v. Chesney*, 473 U.S. 1, 7, 105 S.Ct. 3012 (1985); also see *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002).[1]

5.     The purpose of Rule 68 is to encourage settlement. To further this goal the Seventh Circuit, in *Payne*, wrote:

> ". . . in hindsight, [plaintiff] would have been better off accepting either one of [defendant's] offers, rather than taking his chances at trial. He therefore must bear whatever consequences the rule prescribes for his failure accurately to evaluate his claim (or perhaps for the murkiness of his crystal ball). Rule 68 is designed to change the incentive structure of a plaintiff faced with a reasonable offer. The twin aims of the rule, in its ex post application, are to compensate the defense for costs it ought not to have incurred, and to deter future plaintiffs from lightly disregarding reasonable settlement offers made with the formalities prescribed by the rule." See

---

[1] Plaintiff filed his motion for costs and fees on December 20, 2018, see doc. 190. Defendants will be filing a response to Plaintiff's motion and verily believe that upon an examination of the fees and costs incurred as of the November 9, 2018 in this case that the Offer of Judgment will exceed the verdict received by Plaintiff. Plaintiff's counsel inclusion of fees and costs are not reasonable. For example, Plaintiff's counsel includes depositions taken in a separate case. Plaintiff's counsel includes time for up to four attorneys at individual depositions. Plaintiff's counsel did not advise the court that it received a settlement in the separate case from a co-defendant, and did not account for that settlement in its fees and costs analysis. Further, Plaintiff's counsel does acknowledge the reality that Defendants prevailed on the *Monell* and ADA claims. As such there was no analysis to separate the fees and costs specific to those claims on which Plaintiff did not prevail. Defendants will be pointing out these deficiencies in their response to Plaintiff's motion. Once these deficiencies are deducted it will be clear that the Offer of Judgment exceeded the jury award.

*Payne v. Milwaukee County*, 288 F.3d 1021, 1024 (7th Cir. 2002).

6.      In *Payne* the Seventh Circuit following the Supreme Court decision in

*Marek* and held:

> "Rule 54(d) of the Federal Rules of Civil Procedure sets
> forth the general rule that costs other than attorneys' fees
> "shall be allowed as of course to the prevailing party,"
> except as otherwise provided by statute or in the rules.
> Rule 68 does provide otherwise, by explicitly calling for
> the plaintiff to bear the defendant's costs if the final
> judgment is less favorable than the offer. . . . Milwaukee
> County is entitled only to the post-offer costs." See *Payne
> v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002)

7.      Defendants incurred $15,411.66 in post-offer of judgment costs; this

amount includes $10,606.56 in costs and $4,805.10 in fees for printed or

electronically recorded transcripts necessarily obtained for use in the case. See

Exhibit 1 – Defendants' Total Bill of Costs, and Exhibit 2 – Affidavit of Thomas R.

Ysursa, incorporated herein by reference. Defendants' costs include the reasonable

costs it incurred, due to having to try this case. The costs include lodging during

trial, fees for printed or electronically recorded transcripts necessarily obtained for

trial, fees and disbursement for printing necessary for trial, and expert preparation

costs. Defendants acknowledge that out of district travel and lodging are not

reasonable costs, Defendants include lodging for the duration of trial. This is

because, although Franklin County, Illinois (Benton) and St. Clair County, Illinois

(Belleville) are in the same District, travel to Benton is in excess of ninety minutes

from Belleville. As such, it was unreasonable for Defendants and counsel to travel

back in forth from Benton to Belleville every day of trial. However, Defendants did

not have other witnesses (less one expert witness) overnight in Benton, to reduce costs. Defendants further do not include the costs for travel for the evidence deposition of Phillip McLaurin, taken on November 29, 2018, as there was no travel for defense counsel. Further, the costs do not include costs for items that their attorneys would have incurred regardless of trial, including meals. Defendants reviewed and narrowed their costs to reach a reasonable amount incurred solely because Plaintiff failed to accept the Defendants' November 9, 2018 offer of judgment.

8.      A less clear issue is whether the offeror of an offer of judgment is entitled to recover their post-offer attorneys' fees, as part of Rule 68's fee shifting costs in a civil rights action.[2] Defendants acknowledge that, in *Payne*, the Seventh Circuit held that post-offer attorney's fees are not recoverable as part of Rule 68's fee shifting costs, due to the fact that the right to attorneys' fees must be judged in light of the underlying statute. See *Payne v. Milwaukee County*, 288 F.3d at 1027. Respectfully and per Fed.R.Civ.P. 11(b)(2), Defendants submit that *Payne* not including post-offer attorneys' fees was in error.

9.      The Supreme Court in *Marek* addressed the question of whether a plaintiff may recover post-offer of judgment attorneys' fees and costs in relation to a 42 U.S.C. §1983 civil rights case. In *Marek*, the Supreme Court held that the offeror of an offer of judgment is not liable for the attorneys' fees and costs incurred after an offer of judgment pursuant to Fed.R.Civ.P 68. See *Marek v. Chesney*, 473 U.S. 1,

---

[2] Defendants bring this portion of this Motion on the basis of "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Pursuant to Fed. R. Civ. P. 11(b)(2).

11, 105 S.Ct. 3012. The Supreme Court held: "where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68" *Id.* at 9. The Supreme Court continued:

> "In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any monetary benefits from the postoffer services of his attorney. . . Given Congress' focus on the success achieved, we are not persuaded that shifting the postoffer costs to respondent in these circumstances would in any sense thwart its intent under § 1988." See *Id.* at 11.

10.    Defendants submits that *Marek* holds that "costs" under the underlying statute, (42 U.S.C. §1983), includes attorneys' fees and costs. Rule 68 clearly states "costs". As such, if the plaintiff's "costs" include attorneys' fees then accordingly the defendant's post-offer "costs" should likewise include Defendants' attorneys' fees.

11.    Defendants incurred $96,102.00 in post-offer of judgment attorneys' fees.[3] See Exhibit 2.[4] Defendants' attorneys' fees properly do not include multiple attorneys' time for depositions, as Plaintiff does. Defendants do include two attorneys for trial, which Defendants submit is a reasonable number of attorneys for purposes of attending trial. Defendants do not include technology staff, as Defendants' attorneys were amply able to handle the trial, without the need for

---

[3] Defendants' hourly rate for its municipal clients is $190 per hour. Defendants believe that a multiplier may be warranted for the complexity of the work; however, as Defendants are not seeking a windfall. Defendants have simply submitted the actual attorneys' fees incurred after November 9, 2018.

[4] Defendants will submit itemized billing *in camera* for the Court if the Court requests; however, a recalculation on spreadsheet from the billing records as Plaintiffs did in their Rule 54(d) motion is no more valid than the affidavit itself.

technology staff. Defendants do not add in their office staff or investigators, which Defendants' submit is not reasonable.

WHEREFORE, Defendants, Sheriff Richard Watson, St. Clair County, and Officer Christopher Lanzante respectfully request that this Honorable Court **GRANT** their Motion for Costs Pursuant to Federal Rules of Civil Procedure 54(d) and 68, award Defendants $15,411.66 in costs, and $96,102.00 in attorneys' fees and for such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

s/ Thomas R. Ysursa
Thomas R. Ysursa, #6257701
Katherine A. Melzer, #6313753
***Attorneys for St. Clair County Defendants***
Becker, Hoerner, Thompson & Ysursa, P.C.
5111 West Main Street
Belleville, Illinois 62226
Tel: (618) 235-0020
Fax: (618) 235-8558
try@bhtylaw.com
kap@bhtylaw.com

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on <u>**December 21, 2018**</u>, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Sheila A Bedi**
sheila.bedi@law.northwestern.edu

**Locke E. Bowman**
l-bowman@law.northwestern.edu

**Vanessa del Valle**
vanessa.delvalle@law.northwestern.edu

**LaToya M. Berry**
missberry_esq@yahoo.com

**Amy E. Breihan**
amy.breihan@macarthurjustice.org

**David M. Shapiro**
david.shapiro@law.northwestern.edu


                                         s/ Tonya Loehring