IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAYNE WHITE, *as Administrator of the* *Estate of Bradley C. Scarpi*, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.    3:16-cv-560-JPG-DGW |
| v. | ) | |
| | ) | |
| RICHARD WATSON, ST. CLAIR COUNTY, CHRISTOPHER LANZANTE, | ) ) | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on sanctions related to the Settlement Conference held on June 25, 2018 (Doc. 12).   For the reasons set forth below, it is **RECOMMENDED** that Plaintiff be sanctioned in the amounts set forth below for violating Federal Rule of Civil Procedure 16 and Orders of this Court.

**FINDINGS OF FACT**

On May 8, 2018, this matter was set for a settlement conference to occur on June 25, 2018 (Doc. 115).   The parties were referred to the Court's Order and Notice of Settlement Conference (Doc. 40) and the Court's standing Orders in preparing for the settlement conference.   The Court's Case Management Procedures warned parties not to arrive at a settlement conference with nuisance money and to indicate as soon as possible if a settlement conference would be futile.   *See* http://www.ilsd.uscourts.gov/Judges/Wilkerson.aspx.   Additionally, the Order and Notice of Settlement Conference directed the parties to ensure that all necessary parties attend the settlement conference and specifically directed the parties to determine whether a conference would be beneficial (Doc. 40).   In doing so, the parties were directed to confer with each other to discuss the parameters of settlement.   The purpose being to ensure that a conference would be worthwhile.   Thus, the Order directed a party to contact the other party and file a motion with the Court if they believed that a settlement conference would be futile.

At the settlement conference, Plaintiff appeared by counsel, Sheila Bedi and Vanessa del Valle, and Defendants appeared by counsel, Tom Ysursa and Katherine Melzer, and persons with settlement authority (Susanne Daly and Frank Bergman).   From the very beginning of the settlement conference it was apparent that Plaintiff's counsel arrived at the settlement conference with a fixed dollar amount that they wanted to settle the case for.   It was further apparent that they had not conferred with Defendants as to their settlement demand, the fixed nature of that demand, and their unwillingness to negotiate.   Thus, while Defendants attempted in good faith to meet Plaintiff's settlement demands, by significantly shifting their position as to the settlement amount, Plaintiff only modified their demands by such insignificant amounts that they were demonstrably failing to negotiate in good faith.   If Plaintiff believed that he would not go below a dollar amount

or that his range was so narrow, he should have communicated as much to Defendants prior to the conference.   Had he done so, it would have been apparent that a settlement conference would have been futile.   Plaintiff not only wasted Defendants' time and money, but also the Court's time and effort.   This Court finds that Plaintiff did not appear at the settlement conference in good faith and did not comply with this Court's standing Orders.   This conclusion was communicated to counsel at the settlement conference and they were allowed to object (which Plaintiff briefly did).

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 16 permits the Court to convene settlement conferences to achieve a just and speedy resolution of pending matters.   Rule 16(f)(1) provides that the Court can enter any just order, on the Court's own motion, if a party fails to participate in good faith at such a conference.   Sanctions can include those authorized by Rule 37(b)(2)A)(ii)-(vii) and can include imposition of fees or costs "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."   Fed.R.Civ.P. 16(f)(2).   In addition, Title 28 U.S.C. § 1927 provides that the Court may impose costs, expenses, and fees upon any person who "so multiplies the proceeding in the case unreasonably and vexatiously."   In order to make such a finding, the Court must determine whether Counsel's conduct is objectively and/or subjectively in bad faith.   *Boyer v. BNSF Railway Company*, 824 F.3d 694, 708 (7th Cir. 2016), *modified on reh'g*, 832 F.3d 699 (7th Cir. 2016).   Such bad faith is apparent when "'a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound . . . [or when] a lawyer engages in bad faith by acting recklessly or with indifference to the law . . . .'" *Id.* (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).   Finally, the Court has "inherent authority to rectify abuses to the judicial process," in order to manage its own docket.   *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003).   "Sanctions meted out pursuant to the court's inherent

power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).

A reasonably careful attorney would have consulted with opposing counsel, known that a settlement conference would have been futile, and would have contacted the Court to cancel the settlement conference. In light of Plaintiff's intent to remain fixed on his settlement demand, he should have communicated that intent with Defendants prior to the settlement conference. If Plaintiff believed his case was worth the demand that he made and that he had no intention of accepting less, which is his prerogative, he should have contacted the Court and indicated that a settlement conference would be futile.[1] It is bad faith to arrive at a settlement conference without the intent to modify one's position and then to only offer incremental and inconsequential adjustments when counteroffers are made. *See* FED.R.CIV.P. 16 advisory committee's note (1983 Amendment) ("Of course settlement is dependent upon agreement by the parties and indeed, a conference is most effective and productive when the parties participate in a spirit of cooperation and mindful of their responsibilities under Rule 1."). When Defendants arrived at the conference, they changed their position significantly in order to settle the matter. Plaintiff had no intention of reciprocating. Plaintiff not only wasted Defendants' time, but also the Court's, and did so in bad faith.

Therefore, this Court finds that Plaintiff violated Rule 16(f)(1)(B) and (C) by failing to appear at the settlement conference in good faith and by failing to obey this Court's pretrial orders. Sanctions should be imposed. *See Koehn v. Tobias*, 866 F.3d 750, 753 (7th Cir. 2017) (approving

---

[1] As the 1983 Advisory Committee Notes to Rule 16 state: "Although it is not the purpose of Rule 16(b)(7) to impose settlement negotiations on unwilling litigants, it is believed that providing a neutral forum for discussing the subject might foster it."

sanctions where a settlement conference was held even though a party knew it would be futile). This Court is mindful that Plaintiff achieved some success at trial and that Plaintiff's counsel may be entitled to attorney fees and costs as a prevailing party.  *See* 42 U.S.C. §1988.  This Court recommends that Plaintiff be sanctioned with the denial of attorney's fees and costs associated with the wasteful settlement conference.  This Court further recommends that Plaintiff be sanctioned with the costs and attorney fees expended by Defendants' counsel (Mr. Ysursa and Ms. Melzer) and responsible parties (Ms. Daly and Mr. Bergman) in attending the settlement conference.   To that end, Defendants should submit a bill of costs.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff be sanctioned in an amount that includes the attorney fees and costs incurred by Defendants and their representatives in preparing for and appearing at the June 25, 2018 settlement conference.[2]   In addition, in the event that Plaintiff's counsel are awarded attorney fees at the conclusion of this matter as a prevailing party, they should not be awarded fees or costs for the time spent preparing for and attending the settlement conference on June 25, 2018.

### NOTICE REGARDING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), any party may serve and file written **OBJECTIONS** to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within fourteen (14) days after service.   Failure to file such **OBJECTIONS** shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video*

---

[2] If the Court adopts this Report and Recommendation, then Defendants should be directed to submit a bill of costs that would include the fees and costs associated with the settlement conference.

*Views, Inc. v. Studio 21, Ltd. and Joseph Sclafani,* 797 F.2d 538 (7th Cir. 1986).

**You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

**DATED: January 15, 2019**

**DONALD G. WILKERSON**
**United States Magistrate Judge**