IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE WHITE, as Administrator of the ESTATE OF BRADLEY C. SCARPI, )<br>)<br>)<br>    Plaintiff,                    )<br>)<br>v.                                         )<br>)<br>ST. CLAIR COUNTY SHERIFF RICHARD )<br>WATSON, *et al.*,                    )<br>)<br>    Defendants.                )  | Case No. 3:16-CV-00560<br><br>The Hon. J. Phil Gilbert<br>Magistrate Judge Donald Wilkerson |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff petitioned the Court for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). Doc. No. 190. In Defendants' oversized response brief in opposition to Plaintiff's motion, Defendants make a number of unfounded arguments, Doc. No. 207; this reply brief is necessary to address those arguments not already sufficiently tackled in Plaintiff's motion.

First, Defendants seek to have excluded the fees and cost associated with the depositions of the officers who responded to Scarpi's suicide, arguing that these depositions are not related to the successful claim. Defs. Resp. at 8. However, the depositions of these officers were necessary for Plaintiff to uncover what happened the day Scarpi committed suicide and provide context for Plaintiff's successful claims against Lanzante. Further, Plaintiff used many of these depositions to defeat Defendants' motion for summary judgment. Defendants also seek to have excluded the depositions of supervisory staff, including Watson, McLaurin, Strubberg, and Trice. *Id.* However, the depositions of these officers were not only relevant to the *Monell* claim, but were also relevant to Plaintiff's successful claims against Lanzante because these witnesses

1

provided context for how a reasonable officer should have responded to Scarpi's suicidal ideation.

Second, Defendants argue that Plaintiff sent multiple lawyers to nearly every deposition and that "[t]his constitutes duplicative and unnecessary work." Defs. Resp. at 9. Defendants provide the deposition of Sheriff Watson and the deposition of Superintendent McLaurin (that was used in lieu of trial testimony) as examples of depositions where three of Plaintiff's counsel were in attendance. However, these depositions of critically important witnesses are outliers, and the remaining depositions Defendants cite to included only two of Plaintiff's attorneys. Despite Defendants' unsupported protestations to the contrary, two attorneys attending these depositions was necessary and does not constitute duplicative work. Many of the depositions were grouped so as to conserve costs associated with travel—meaning Plaintiff's counsel took multiple depositions a day and in consecutive days. It was necessary to send two attorneys to those depositions so as to manage the workload. Further, given the complexity of the case, both attorneys were needed to strategize during the depositions and breaks to ensure that they did not overlook significant inquires. Therefore the hours expended by two attorneys at the depositions were reasonable. *See, e.g.*, *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 990 (N.D. Ill. 2012) (finding that it was reasonable for two attorneys to attend the deposition of a witness and refusing to reduce the attorneys' hours over the defendants' objection); *Pawell v. Metro. Pier & Exposition Auth.*, No. 03 C 3158, 2005 WL 1902116, at *7 (N.D. Ill. Mar. 4, 2005) (finding that it was reasonable for two attorneys to bill for attending the same deposition where plaintiff argued that "two attorneys were needed since depositions were often scheduled within days of each other, the attorneys were able to discuss strategy during breaks, observe witness demeanor and compare testimony on key points"); *Johnson v. Bd. of Trs. of Univ. of Ill.*, No. 90 C 0968,

1995 WL 516987, at * 3 (N.D. Ill. Aug. 29, 1995) (finding that appearance of two attorneys at depositions was reasonable given that a plaintiff's lawyer should not be required to take "consecutive depositions without assistance," "splitting deposition work load allowed better witness preparation and allowed for breaks," and both attorneys needed to be present to become familiar with the issues and minutia of the case); *Bohen v. City of East Chicago*, 666 F. Supp. 154, 157 (N.D. Ind. 1987) (finding that it was reasonable to have two lawyers at depositions because "use of more than one lawyer is common in legal practice. Consultation among lawyers ensures that they do not overlook significant facts or inquires").

Third, Defendants argue multiple times that Plaintiff should not recover for the depositions taken in the *Corbier* matter. Defs. Resp. at 11-15, 21-22. As Defendants acknowledge, however, the Parties agreed that the depositions taken in *Corbier* could be used in this case. Plaintiff proposed this arrangement so as to conserve time and resources by avoiding taking depositions twice where the exact same questions would be asked of the same witnesses. Had the Parties not had this arrangement, Plaintiff's counsel would have been forced to depose the same witnesses and ask the same questions twice. No one would have been served by that duplication of effort. Presumably, this is precisely why Defendants consented to the use of the *Corbier* depositions in this matter.

Indeed, not only did the parties agree to use *Corbier* depositions here, but the Parties also agreed that the *Corbier* document production would be repurposed for use in this case in order to further conserve resources. Plaintiff's counsel should not be penalized for suggesting that, given the significant overlapping discovery in these two matters, the Parties treat the matters as if consolidated for purposes of discovery. When two cases have common questions of fact, courts frequently consolidate discovery. *See, e.g.*, *Bowden v. Kirkland & Ellis LLP*, 432 Fed. App'x

596, 599 (7th Cir. Apr. 1, 2011) (discussion of two civil rights cases with two different plaintiffs and the same defendants consolidated for discovery and pretrial proceedings); *Reaves v. Kuresevic*, No. 12-cv-0161-MJR-DGW, 2012 WL 12882843, at *2 (S.D. Ill. Oct. 23, 2012) (two cases with overlapping facts consolidated for purposes of discovery); *Timmermann's Ranch & Saddle Shop, Inc. v. Pace*, No. 11 C 1509, No. 13 C 818, 2016 WL 1181792, at *1 (N.D. Ill. Mar. 28, 2016) (same). While neither party requested that these cases be officially consolidated, the protective order in the *Corbier* matter explicitly states in relevant part that "the documents produced by the Saint Clair County Defendants in this matter may be used by the parties in the *White v. Watson* (3:16-CV-00560) litigation." *Corbier v. Watson*, No. 16-cv-247, Doc. No. 121, Protective Order Filed Under Seal. Given this fact, Defendants' suggestion that Plaintiff's counsel's use of *Corbier* materials in the *White* matter raises "ethical" and "legal" issues is at best disingenuous and at worst an intentional misrepresentation of the record.

To be clear, Plaintiff's counsel has no intention of "double dipping" as Defendants glibly suggest by recovering fees and costs associated with the same depositions both in this case and in *Corbier*. *See* Defs. Resp. at 12. Plaintiff's counsel recognizes that if they are fairly compensated for those depositions here, they cannot then seek to recover fees and costs associated with those depositions if they prevail in *Corbier*.

Fourth, Defendants assert that "Plaintiff received a settlement in *Corbier* but does not account for the settlement in its motion for fees." Defs. Resp. at 14. This assertion is a red-herring. Defendants are fully aware that the settlement Plaintiff received in *Corbier* related to the Wexford Defendants. They also should have been fully aware after reviewing the timesheets and receipts Plaintiff's counsel submitted as attachments to their motion that Plaintiff does not seek to recover any fees or costs associated with the depositions of any Wexford Defendant or

4

Wexford witness. Defendants have no basis to suggest that any of the proceeds of the settlement were applied to fees and/or costs sought in this case—and in fact, that settlement is completely separate and irrelevant to the case at hand.

Finally, Defendants argue that out of district travel costs associated with the depositions should not be awarded because it was Plaintiff's choice to have lawyers from Chicago and Ohio litigate the case. Defs. Resp. at 19. However, Defendants' unsupported argument should be rejected as courts routinely award attorneys travel costs for depositions as well as other litigation related matters. *See, e.g.*, *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994) (finding that "attorney travel expenses" are recoverable); *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1046-48 (N.D. Ill. 2013) (finding "[t[here is no prohibition on recovery of fees by an out-of-town attorney" and that the hours and "the travel expenses related to the out-of-town attorneys' travel to participate in depositions, trial preparation, and other strategy meetings are properly recoverable"); *Zeilder v. A & W Restaurants, Inc.*, No. 03 C 5063, 2007 WL 723460, at *3 (N.D. Ill. Mar. 5, 2007) (awarding costs for attorney travel).[1]

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiff's Motion for an Award of Attorneys' Fees and Costs.

---

[1] Defendants additionally object to certain hours Plaintiff's counsel spent on settlement negotiations, asserting in a footnote that Magistrate Judge Wilkerson put on record that Plaintiff's counsel "participated in bad faith at the settlement conference." Defs. Mot. at 21 n.3. However, even though Plaintiff's counsel respectfully disagrees with Judge Wilkerson's finding that we negotiated in "bad faith"—Plaintiff will provide detailed objections in their forthcoming response to Judge Wilkerson's Report and Recommendations (Doc. No. 209)—Plaintiff's counsel heeded Judge Wilkerson's verbal order and did not include any fees or costs associated with traveling to and attending the June settlement conference in their motion. Attorney del Valle only billed 4 hours for drafting and editing the settlement statement that was submitted to Judge Wilkerson in advance of the settlement conference, and attorney Bedi billed 1 hour for editing the settlement statement. Plaintiff's counsel engaged in settlement discussions with Defendants before and after the June settlement conference, and Defendants have no basis to object to those hours as those settlement discussions were independent of the settlement conference.

                                                      Respectfully submitted,

                                                      **DWAYNE WHITE**

                                          By: /s/ Vanessa del Valle
                                                  One of his attorneys

Locke E. Bowman
Sheila A. Bedi
David M. Shapiro
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-1271

LaToya M. Berry
Law Offices of LaToya M. Berry
901 West Main
Belleville, Illinois 62220
(618) 567-4837

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on January 18, 2019.

                                                                    /s/ Vanessa del Valle