IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE WHITE, as Administrator of the Estate of Bradley C. Scarpi, <br><br> Plaintiff, <br><br> v. <br><br> ST. CLAIR COUNTY SHERIFF RICHARD WATSON, *et al.*, <br><br> Defendants. | Case No. 16-cv-560-JPG-DGW |

### ORDER

This matter comes before the Court for case management purposes. The Court notes that the docket sheet in this case is in disarray due to recent filings by plaintiff Dwayne White and the attorneys who represent him. This disarray began after Magistrate Judge Donald G. Wilkerson issued a Report and Recommendation ("Report") on January 15, 2019, recommending that the Court sanction White for his counsel's conduct leading to and at the May 8, 2018, settlement conference held in this case (Doc. 209).

On January 29, 2019, White filed an objection to the Report (Doc. 219). Counsel also entered two of White's counsel (Sheila Bedi and Vanessa Del Valle) on the docket sheet as "objectors." This was unnecessary because the Report recommended sanctions against White, not his counsel. The Court therefore **DIRECTS** the Clerk of Court to terminate Bedi and Del Valle as objectors on the docket sheet. White's objection to the Report is sufficiently recorded without the need to clutter the docket sheet with unnecessary parties. If at any point the Court is contemplating sanctions against Bedi, Del Valle, or any of White's other attorneys, it will give them notice and a fair opportunity to be heard. Until then, Bedi and Del Valle do not belong as interested parties in this case.

With his objection, White also filed a motion for leave to file exhibits under seal (Doc. 220). Rather than submitting the proposed documents to be sealed to chambers as contemplated by ECF User's Manual § 2.10, White attached the documents to his motion. The motion and attachments were not filed under seal, and thus were subject to public view—at least until the Court sealed the entire filing as a matter of prudence until it could consider the motion—defeating the purpose of asking to file them under seal. To remedy this error, the Court **DIRECTS** the Clerk of Court to remove the attachments from the docket sheet and to unseal the motion (Doc. 220). The Court further **GRANTS** the motion for leave to file under seal (Doc. 220) and **ORDERS** that White shall have five days to file the attachments as a sealed document, labeled as exhibits to White's objection (Doc. 219). In the future, parties should submit documents proposed to be filed under seal to chambers in accordance with ECF User's Manual § 2.10 and await the Court's decision whether sealing is appropriate.

The parties are encouraged to contact the Clerk's Office if they have any questions about how to file things properly.

**IT IS SO ORDERED.**
**DATED:   February 5, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
